**Paul Ignatious BROWN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39669.**

Court of Criminal Appeals of Texas.

June 15, 1966.

Rehearing Denied Oct. 12, 1966.

Alfred J. Jackson, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Glenn Goodnight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

WOODLEY, Judge.

The offense is fondling; the punishment, 15 years.

Appellant's motion for new trial was overruled and he gave notice of appeal on December 6, 1965.

■ The statement of facts reflects that appellant was living with the mother of three small children, one of whom was the two year old girl named in the indictment.

James Earl Pierce was keeping the children when appellant came to the house about 3 P.M. on the day alleged in the indictment. He testified that appellant laid down on the bed and called the two year old girl to him. She got in bed with him and appellant put his thumb up between her legs. She started crying and James ran outside the house for help.

In response to his call, Jerry Wayne Clemons and Emma Lou Blanton went in the house where they saw the little girl lying in appellant's arms, crying.

These two witnesses testified that the child's panties were torn and bloody and that appellant said her nose had been bleeding and all he did was to wipe her nose.

Dr. Charles Miles, who examined the injured child at John Peter Smith Hospital, testified that he found fresh red blood on the inside and on both sides of her vaginal area; that she had fresh lacerations on her vaginal opening which extended over the posterior part of the vagina down toward the rectum.

Appellant's statement in writing was offered by the state as his voluntary confession and, after hearing before the court in the jury's absence, was found by the court to have been voluntarily given after the warning set out at the top thereof and after he had been advised of his constitutional rights.

Appellant testified before the court, and also before the jury, and the issues of fact raised by his testimony were resolved against him.

His testimony was to the effect that he had been drinking heavily; that he frequently suffered from headaches, dizzy spells, and periodic loss of memory, and did not remember fondling the two year old child because he was suffering from one of his periodic losses of memory.

Appellant further testified that he had not molested any of the children before and if he did molest the two year old girl he did not remember it, and if he did "it hurts me so much, I have nothing I could say. * * * But to my knowledge I did not."

The evidence is sufficient to sustain the jury's verdict.

■ The evidence heard by the court is deemed sufficient to support the trial court's findings that there was no coercion and no mistreatment, that appellant was not

denied due process of law and that the statement of the appellant was admissible.

Appellant was permitted to testify before the court in support of his oral request to dismiss his court appointed attorney. No cause was shown why the court should grant such request.

The appellant contends, in his brief, that the court erred reversibly when it denied his plea of insanity, his motion for separate trial on the issue of insanity, and motion for continuance to obtain "more medical records, evidence and witnesses to testify as to his mental condition, headaches, and periodic loss of memory."

The record does not reflect that a request was made for a separate hearing on insanity and we fail to find in the transcript a motion for continuance or any objections or exceptions relating to the court's charge.

The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION
## FOR REHEARING

MORRISON, Presiding Judge.

Appellant contends among other things that we overlooked the recent opinions of the Supreme Court of the United States relating to confessions. Appellant's trial was begun on November 15, 1965. The Supreme Court of the United States in Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, stated that the rule in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applies to those cases in which trial began after June 13, 1966.

We have examined appellant's other contentions and find them to be without merit.

Remaining convinced that a proper disposition was made originally, appellant's motion for rehearing is overruled.